## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20634

**OMID ESMAILZADEGAN**,
*individually and on behalf of*
*those similarly situated,*

      Plaintiff,

v.

**VESTA PROPERTY SERVICES INC** and
**JAMESTOWN ASSOCIATION INC**,

      Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Omid Esmailzadegan ("Plaintiff"), individually and on behalf of those similarly situated, sues Defendant Vesta Property Services Inc and Defendant Jamestown Association Inc (collectively, the "Defendants") for violating the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3.      Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

5.      Defendant Vesta Property Services Inc ("Defendant-DC") is a Florida corporation, with its principal place of business located in Jacksonville, Florida.

6.      Defendant Jamestown Association Inc ("Defendant-Creditor") is a Florida corporation, with its principal place of business located in West Palm Beach, Florida.

7.      At all times material, Defendant-DC was acting as a debt collector on behalf of Defendant-Creditor with respect to the collection of debts allegedly owed by Plaintiff.

8.      At all times material, Defendant-Creditor was the creditor of the underlying debt.

## DEMAND FOR JURY TRIAL

9.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10.      On a date better known by Defendants, Defendant-DC began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

11.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a voluntary transaction between the creditor of the Consumer Debt, Defendant-Creditor, and Plaintiff involving the provision of maintenance and upkeep services (the "Subject Service") for and involving Plaintiff's residence, located at 1638 Embassy Drive, Unite 402, West Palm Beach, Florida 33401.

12.      The Subject Service was primarily for personal, family, or household purposes.

13.      Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14.     Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

15.     Defendant-DC is a business entity engaged in the business of collecting consumer debts.

16.     Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     Defendant-DC is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

18.     Defendant-DC is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect, or otherwise attempt to collect, the Consumer debt from Plaintiff.

19.     Defendant-DC is a debt collector governed by the FDCPA.

20.     Defendant-DC is not registered with the Florida Office of Financial Regulation as "Consumer Collection Agency."

21.     Defendant-DC has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

22.     Defendant-DC does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

23.     Defendant-DC cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24.     Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

25.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

26.     On a date better known by Defendants, Defendant-DC sent a collection letter, internally dated January 24, 2022, to Plaintiff in an attempt to collect the Consumer Debt (the "Collection Letter"). Attached as Exhibit "A" is a copy of the Collection Letter.

27.     The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of a debt.

28.     The Collection Letter is a communication from Defendant-DC to Plaintiff in an attempt to collect the Consumer Debt.

29.     The Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

30.     Defendant-DC did not disclose in the Collection Letter that it (Defendant-DC) is a debt collector.

31.     Defendant-DC did not provide the disclosures and/or information required by § 1692g(a)(3)-(5) of the FDCPA within the Collection Letter or otherwise within five days thereof.

32.     Defendant-DC did not provide Plaintiff with the information and/or disclosures required by § 1692g(a)(3)-(5) of the FDCPA.

33.     Defendant-DC did not provide Plaintiff with the information and/or disclosures required by § 1692e(11) of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34.     Defendant-DC's collection activities, *i.e.*, the Collection Letter it (Defendant-DC)

sent to Plaintiff in an attempt to collect the Consumer Debt, constitutes a criminal misdemeanor

under Florida law. *See* Fla. Stat. § 559.785

35.     In the Collection Letter, Defendant-DC states the Consumer Debt "must be paid in

full within thirty (30) days after the date of this letter."

## CLASS ALLEGATIONS

### PROPOSED CLASS

36.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and

on behalf of all other similarly situated persons as a class action.  The "Class" that Plaintiff seeks

to represent is comprised of four (4) classes (collectively, the "Classes"): the "**Collection License**

**Class**," the "**Mini-Miranda Class**," the "**G-Notice Class**," and the "**FCCPA Class**."

37.     The "**Collection License Class**" consists of [1] all persons with Florida addresses

[2] that received a letter in an attempt to collect a debt [3] from Defendant-DC [4] while Defendant-

DC was not lawfully licensed as a "Consumer Collection Agency" with the Florida Department of

State [5] during the twelve months preceding the filing of this Class Action Complaint.

38.     The "**Mini-Miranda Class**" consists of [1] all persons with Florida addresses [2]

that received a letter in an attempt to collect a debt [3] from Defendant-DC [4] wherein Defendant-

DC failed to provide the disclosures required § 1692e(11) of the FDCPA [5] during the twelve

months preceding the filing of this Class Action Complaint.

39.     The "**G-Notice Class**" consists of [1] all persons with Florida addresses [2] that

received a letter in an attempt to collect a debt [3] from Defendant-DC [4] wherein Defendant-DC

failed adequately disclose the information required by § 1692g(a)(3)-(5) of the FDCPA [5] during

the twelve months preceding the filing of this Class Action Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

40.     The "**FCCPA Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant-DC [4] wherein Defendant-DC demanded payment on behalf of Defendant-Creditor [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint.

41.     Defendants and their employees or agents are excluded from the Classes.

42.     Plaintiff does not know the number of members in the Classes but believes the members of each of the Classes to be several thousand if not more.

## NUMEROSITY

43.     Upon information and belief, Defendant-DC has sent thousands of debt collection letters to thousands of consumers throughout Florida which violate § 1692e(11), § 1692g(a)(3)-(5), and § 1692e(2)(A) of the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

44.     The exact number and identities of the Classes' members are unknown at this time and can be ascertained only through discovery. Identification of the Classes' members is a matter capable of ministerial determination from Defendant-DC's records.

## COMMON QUESTIONS OF LAW AND FACT

45.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: [1] whether Defendant-DC sent a letter to Plaintiff and members of the Classes in an attempt to collect a debt; [2] whether Defendant-DC is a debt collector under the FDCPA; [3] whether Defendant-DC's conduct was knowing and willful; [4] whether Defendant-DC is liable for damages, and the amount of such damages.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.     The common questions in this case are capable of having common answers.   If Plaintiff's claim that Defendant-DC routinely sends debt collection letters to consumers without including the necessary disclosure required by the FDCPA is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

47.     Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

48.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

49.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, albeit limited to $500,000 or 1% of Defendant-DC's net worth, the individual damages incurred by each member of the Classes resulting from Defendant-DC's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

50.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant-DC from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
(against Defendant-DC)

51.     Plaintiff, individually and on behalf of the Collection License Class, incorporates by reference paragraphs 10-50 of this Class Action Complaint as though fully stated herein.

52.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

53.     Here, Defendant-DC sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant-DC engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant-DC was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

54.     Defendant-DC's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

55.     WHEREFORE, Plaintiff, individually and on behalf of the Collection License Class, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

>  (a)     Statutory damages as provided by 15 U.S.C. § 1692k;
>
>  (b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and
>
>  (c)     Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
(against Defendant-DC)

56.     Plaintiff, individually and on behalf of the Mini-Miranda Class, incorporates by reference paragraphs 10-50 of this Class Action Complaint as though fully stated herein.

57.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action*." 15 U.S.C. § 1692e(11) (emphasis added).

58.     Here, Defendant-DC sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Nowhere in the Collection Letter, however, did Defendant-DC disclose to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff that Defendant-DC is a debt collector. Because Defendant-DC failed to disclose that it (Defendant-DC) is a debt collector to Plaintiff in the Collection Letter, Defendant-DC violated § 169e(11) of the FDCPA.

59.     WHEREFORE, Plaintiff, individually and on behalf of the Mini-Miranda Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

        (a)     Statutory damages as provided by 15 U.S.C. § 1692k;

        (b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

        (c)     Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
### VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)
(against Defendant-DC)

60.     Plaintiff, individually and on behalf of the G-Notice Class, incorporates by reference paragraphs 10-50 of this Class Action Complaint as though fully stated herein.

61.     Here, the Collection Letter was a communication Plaintiff received from Defendant-DC in connection with the collection of a Consumer Debt. The Collection Letter, however, did not contain the information explicitly required by § 1692g(a)(3)-(5) and Plaintiff was not notified of said omitted disclosures within five (5) days of receiving the Collection Letter.

62.     Defendant-DC violated § 1692g(a) of the FDCPA by failing to notify Plaintiff of the information and/or rights § 1692g(a)(3)-(5) – of which requires Defendant-DC to adequately disclose to Plaintiff, if not during Defendant-DC's initial communication with Plaintiff (*i.e.*, the Collection Letter), then in *in writing* within five (5) days thereof.

63.     WHEREFORE, Plaintiff, individually and on behalf of the G-Notice Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

        (a)     Statutory damages as provided by 15 U.S.C. § 1692k;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(a)     Any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## <u>VIOLATION OF FLA. STAT. § 559.72(9)</u>
(*against Defendant-DC and Defendant-Creditor*)

64.     Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 10- of this Class Action Complaint as though fully stated herein.

65.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

66.     Defendant-DC knew it did not have any statutory or contractual right to demand payment of the Consumer Debt from Plaintiff "within thirty (30) days of the date" of the Collection Letter.

67.     Defendant-DC violated Fla. Stat. § 559.72(9) by falsely asserting and representing to the least sophisticated consumer in the Collection Letter that the Consumer Debt "must be paid in full within thirty (30) days of the date of this letter" because, in so doing, Defendant-DC was asserting a legal right that it (Defendant-DC) knew did not exist.

68.     At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

69.     Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

70.     As such, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

71.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)     Statutory damages as provided under Fla. Stat. § 559.77(2);

(b)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

(c)     Any other relief that this Court deems appropriate under the circumstances.

Dated: March 2, 2022

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:          855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com